UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ X

RAFAEL BLASINI,

                **Plaintiff,**

         **- against -**

THE CITY OF NEW YORK, THE NEW
YORK CITY POLICE DEPARTMENT,
DETECTIVE JEREMIAH BREEN, and
JOHN DOE POLICE OFFICERS
AND/OR DETECTIVES #1-10,

              **Defendants.**

------------------------------------------------------------ X

**SHIRA A. SCHEINDLIN, U.S.D.J.:**

## OPINION AND ORDER

## 11 Civ. 3022 (SAS)

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/14/11
```

## I.     INTRODUCTION

Rafael Blasini brings this action against the City of New York, the

New York City Police Department, Detective Jeremiah Breen, and unnamed police

officers and detectives,[1] raising claims for false arrest and malicious prosecution

under both federal and state law, as well as claims under *Monell*, and various other

state law claims.

Defendants now move to dismiss Blasini's Complaint ("Compl.") on

the pleadings for a failure to state a claim on which relief can be granted or,

---

[1]      Blasini has consented to dismissal of his claims against the New York
City Police Department ("NYPD"). *See* Plaintiff's Memorandum of Law in
Opposition to Defendants' Motion to Dismiss ("Pl. Mem.") at 8, n.1.

-1-

alternatively, for summary judgment.  For the following reasons, defendants'
motion to dismiss is granted.

## II.    BACKGROUND[2]

On September 16, 2010, one or more members of the NYPD observed
Blasini traveling in a car with Anthony Lynes and Michael Brown.[3]  Lynes
subsequently sold drugs to an undercover police officer.[4]  At the time, Detective
Breen "was the designated arresting officer in a long-term narcotics
investigation."[5]

A grand jury indicted Blasini on October 7, 2010, and a warrant was
subsequently issued for his arrest.[6]  The warrant was not signed by a judge, but by
the Clerk of Court, as evidenced by an alteration to the name under the signature
line and the initials "SCC" written after the signature.  Blasini was then arrested on
October 13, 2010, arraigned the following day, and incarcerated.[7]  On December 7,

---

[2]    The following factual allegations, taken from the Complaint, are
accepted as true for purposes of this motion.

[3]    *See* Compl. ¶ 14.

[4]    *See id.*

[5]    *Id.* ¶ 13.

[6]    Although a copy was not included in the pleadings, neither Blasini nor
the defendants contest the date of the indictment (the "Indictment").

[7]    *See id.* ¶¶ 11, 17.

2010, Blasini posted a bail bond and was released, nearly two months after his

initial arrest.[8]

Blasini then moved to inspect the grand jury minutes.  On December

14, 2010, the Supreme Court, New York County, granted his motion to dismiss the

case, "finding that the evidence presented to the grand jury was legally insufficient

to prove that the defendant knowingly participated in a drug sale on September 16,

2010."[9]   The court granted the District Attorney permission to re-present the case

to another grand jury but on February 1, 2011, the District Attorney advised the

court that it declined to do so.[10]

## III.   APPLICABLE LAW

### A.     Rule 12(c) Motion

At any time after the pleadings close and before the trial commences,

a party may move for a judgment on the pleadings under Rule 12(c) of the Federal

Rules of Civil Procedure.[11]   A party is entitled to judgment on the pleadings only if

it is clear that no material issues of fact remain to be resolved and that it is entitled

---

[8]      *See id.* ¶ 18.

[9]      *Id.* ¶ 15.

[10]      *See id.* ¶¶ 20, 21.

[11]      *See Frater v. Tigerpack Capital, Ltd.*, No. 98 Civ. 3306, 1998 WL 851591, at *1 (S.D.N.Y. Dec. 9, 1998).

to judgment as a matter of law.[12]

"'The standard for addressing a Rule 12(c) motion for judgment on the pleadings is the same as that for a Rule 12(b)(6) motion to dismiss for failure to state a claim.'"[13] In either instance, the court must accept as true the non-movant's allegations, along with the allegations in the movant's pleading that the non-movant has admitted, and must draw all reasonable inferences in the non-movant's favor.[14] The court need not accord "[l]egal conclusions, deductions or opinions couched as factual allegations . . . a presumption of truthfulness."[15]

The allegations in a complaint must meet a standard of "plausibility."[16] A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference" that the plaintiff is

---

[12]     *See Burns Int'l Sec. Servs. v. International Union, United Plant Guard Workers of Am.*, 47 F.3d 14, 16 (2d Cir. 1994); *Carballo ex rel. Cortes v. Apfel*, 34 F. Supp. 2d 208, 214 (S.D.N.Y. 1999).

[13]     *Wachovia Corp. v. Citigroup, Inc.*, 634 F. Supp. 2d 445, 450 (S.D.N.Y. 2009) (quoting *Cleveland v. Caplaw Enters.*, 448 F.3d 518, 520 (2d Cir. 2006)).

[14]     *See Vietnam Ass'n for Victims of Agent Orange v. Dow Chem. Co.*, 517 F.3d 104, 115 (2d Cir. 2008).

[15]     *In re NYSE Specialists Sec. Litig.*, 503 F.3d 89, 95 (2d Cir. 2007) (citation omitted, alterations in original).

[16]     *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 564 (2007).

entitled to relief.[17]  Plausibility "is not akin to a probability requirement;" rather

plausibility requires "more than a sheer possibility that a defendant has acted

unlawfully."[18]  Pleading a fact that is "merely consistent" with a defendant's

liability does not satisfy the plausibility standard.[19]

     In a Rule 12(c) motion the court may consider the pleadings, exhibits

attached to the pleadings, and statements and documents incorporated by reference

therein.[20]  A court may also consider a document not specifically incorporated by

reference but on which the pleading heavily relies and which is integral to the

pleading.[21]  This is particularly true when the non-movant either had the document

in its possession or knew of the document when bringing suit.[22]

---

[17]    *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citation omitted).

[18]    *Id*. (citation omitted).

[19]    *Id.* (citation omitted).

[20]    *See Royal Ins. Co. of Am. v Sportswear Group, LLC*, 85 F. Supp. 2d 275, 278 (S.D.N.Y. 2000) (citing *Brass v. American Film Techs., Inc.*, 987 F.2d 142, 150 (2d Cir. 1993)).

[21]    *See Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002).

[22]    *See Edison Fund v. Cogent Inv. Strategies Fund, Ltd.*, 551 F. Supp. 2d 210, 217 (S.D.N.Y. 2008).

In addition, a court "'may . . . consider matters of which judicial notice may be taken.'"[23]  On the other hand, if a court is presented with material outside of the pleadings and not subject to judicial notice, it should either exclude the material from its consideration, or consider the material only after converting the motion into one for summary judgment.[24]

## B.    Section 1983

Section 1983 states, in relevant part, that

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . .[25]

Section 1983 "does not create a federal right or benefit;  it simply provides a mechanism for enforcing a right or benefit established elsewhere."[26]  "The purpose

---

[23]    *Staehr v. Hartford Fin. Servs. Group, Inc.*, 547 F.3d 406, 425 (2d Cir. 2008) (quoting *Kramer v. Time Warner Inc.*, 937 F.2d 767, 733 (2d Cir. 1991)).

[24]    *See Kramer*, 937 F.2d at 773.

[25]    42 U.S.C. § 1983.

[26]    *Morris-Hayes v. Board of Educ. of Chester Union Free Sch. Dist.*, 423 F.3d 153, 159 (2d Cir. 2005) (citing *Oklahoma City v. Tuttle*, 471 U.S. 808, 816 (1985)). *Accord  Gonzaga Univ. v. Doe*, 536 U.S. 273, 285 (2002) ("'[O]ne cannot go into court and claim a 'violation of § 1983' – for § 1983 by itself does not

of [section]1983 is to deter state actors from using the badge of their authority to

deprive individuals of their federally guaranteed rights and to provide relief to

victims if such deterrence fails."[27]

For a person deprived of a constitutional right to have recourse against

a municipality under section 1983, he or she must show harm that results from an

identified municipal "policy," "custom," or "practice."[28]   In other words, a

municipality may not be found liable simply because one of its employees or

agents is guilty of some wrongdoing.[29]   Moreover, a policy, custom, or practice

cannot arise from a single instance of unconstitutional conduct by an employee of

the municipality.[30]   The Supreme Court has emphasized that

> [i]t is not enough for a § 1983 plaintiff merely to identify conduct
> properly attributable to the municipality. The plaintiff must also
> demonstrate that, through its deliberate conduct, the municipality

protect anyone against anything.'") (quoting *Chapman v. Houston Welfare Rights
Org.*, 441 U.S. 600, 617 (1979)).

[27]     *Wyatt v. Cole*, 504 U.S. 158, 161 (1992).

[28]     *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691
(1978).

[29]     *See Board of County Comm'rs v. Brown*, 520 U.S. 397, 402 (1997).

[30]     *See Tuttle*, 471 U.S. at 831 (Brennan, J., concurring in part and
concurring in the judgment) (stating that "[t]o infer the existence of a city policy
from the isolated misconduct of a single, low-level officer, and then to hold the city
liable on the basis of that policy, would amount to permitting precisely the theory
of strict *respondeat superior* liability rejected in *Monell*").

was the "moving force" behind the injury alleged. That is, a plaintiff must show that the municipal action was taken with the requisite degree of culpability and must demonstrate a direct causal link between the municipal action and the deprivation of federal rights.[31]

In the absence of an established written municipal policy, a plaintiff must prove

that a municipal practice was so "persistent and widespread as to practically have

the force of law,"[32] or that a practice or custom of subordinate employees was "so

manifest as to imply the constructive acquiescence of senior policy-making

officials."[33]

### C.   False Arrest and False Imprisonment

A section 1983 claim for false arrest arises under the Fourth

Amendment right to be free from unreasonable seizure and is identical to a claim

for false arrest under New York law.[34]   False arrest and false imprisonment are

synonymous under New York law.[35]   To establish a claim for false arrest/false

---

[31]      *Brown*, 520 U.S. at 404.

[32]      *Connick v. Thompson*, — U.S. —, 131 S. Ct. 1350, 1359 (2011).

[33]      *Sorlucco v. New York City Police Dep't*, 971 F.2d 864, 871 (2d Cir. 1992)).

[34]      *See Weyant v. Okst*, 101 F.3d 845, 852 (2d Cir. 1996).  *See also Hygh v. Jacobs*, 961 F.2d 359, 366 (2d Cir. 1992).

[35]      *See Singer v. Fulton County Sheriff*, 63 F.3d 110, 118 (2d Cir. 1995) (noting that false arrest and false imprisonment have identical elements).  *See also Posr v. Doherty*, 944 F.2d 91, 96 (2d Cir. 1991).

imprisonment, a plaintiff must show that "(1) the defendant intended to confine the

plaintiff, (2) the plaintiff was conscious of the confinement, (3) the plaintiff did not

consent to the confinement, and (4) the confinement was not otherwise

privileged."[36]

The existence of probable cause to arrest is a complete defense to a

false arrest/imprisonment claim.[37]  "[P]robable cause to arrest exists when the

officers have knowledge or reasonably trustworthy information of facts and

circumstances that are sufficient to warrant a person of reasonable caution in the

belief that the person to be arrested has committed or is committing a crime."[38]

### D.      Malicious Prosecution

A claim for malicious prosecution is distinct from an action for false

arrest/false imprisonment because it is composed of different elements and protects

a different interest.[39]  "Typically, a warrantless deprivation of liberty from the

---

[36]      *Savino v. City of New York*, 331 F.3d 63, 75 (2d Cir. 2003) .

[37]      *See Jones v. J.C. Penny's Dep't Stores Inc.*, 317 Fed. App'x 71, 73 (2d Cir. 2009).

[38]      *Jenkins v. City of New York*, 478 F.3d 76, 84 (2d Cir. 2007) (citation omitted, alteration in original).  *Accord Atwater v. City of Lago Vista*, 532 U.S. 318, 354 (2001) ("If an officer has probable cause to believe than an individual has committed even a very minor criminal offense . . . he may, without violating the Fourth Amendment, arrest the offender.").

[39]      *See Weyant*, 101 F.3d at 853.

moment of arrest to the time of arraignment will find its analog in the tort of false

arrest, while the tort of malicious prosecution will implicate post-arraignment

deprivations of liberty."[40]  In order to establish a claim for malicious prosecution

under section 1983, a plaintiff must also allege all the elements of malicious

prosecution under state law.[41]  "To state a claim under New York law for the tort of

malicious prosecution, a plaintiff must show: (1) that the defendant commenced or

continued a criminal proceeding against him; (2) that the proceeding was

terminated in the plaintiff's favor; (3) that there was no probable cause for the

proceeding; and (4) that the proceeding was instituted with malice."[42]

　　　　"[I]n a malicious prosecution action, the relevant probable cause

determination is whether there was probable cause to believe the criminal

proceeding could succeed and, hence, should be commenced."[43]  "[U]nder New

York law, indictment by a grand jury creates a presumption of probable cause that

may *only* be rebutted by evidence that the indictment was procured by 'fraud,

---

[40]　　*Singer*, 63 F.3d at 117.

[41]　　*See Fulton v. Robinson*, 289 F.3d 188, 195 (2d Cir. 2002).  *See also
Janetka v. Dabe*, 892 F.2d 187, 189 (2d Cir. 1989) ("A claim of malicious
prosecution brought pursuant to section[] 1983 . . . is governed by state law in the
absence of federal common law.").

[42]　　*Kinzer v. Jackson*, 316 F.3d 139, 143 (2d Cir. 2003).

[43]　　*Mejia v. City of New York*, 119 F. Supp. 2d 232, 254 (E.D.N.Y. 2000)
(citing *Posr v. Court Officer Shield # 207*, 180 F.3d 409, 417 (2d Cir. 1999)).

perjury, the suppression of evidence or other police conduct undertaken in bad

faith.'"[44]  "[I]t is the plaintiff who bears the burden of proof in rebutting the

presumption of probable cause that arises from the indictment."[45]

### D.   Leave to Replead

Whether to permit a plaintiff to amend his complaint is a matter

committed to a court's "sound discretion."[46]  Rule 15(a) provides that leave to

amend a complaint "shall be freely given when justice so requires."[47]  Moreover,

"[i]t is the usual practice upon granting a motion to dismiss to allow leave to

replead."[48]  Leave to replead should be denied, however, where the proposed

amendment would be futile, if there is undue delay, bad faith, or dilatory motive, or

where the opposing party would suffer undue prejudice.[49]  Where a plaintiff

---

[44]     *Savino*, 331 F.3d at 72 (quoting *Colon v. City of New York*, 60 N.Y.2d 78, 83 (1983)).

[45]     *Savino*, 331 F.3d at 73.

[46]     *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007).

[47]     Fed. R. Civ. P. 15(a).

[48]     *Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991).

[49]     *See Dougherty v. Town of N. Hempstead Bd. of Zoning Appeals*, 282 F.3d 83, 87 (2d Cir. 2002); *Cortec Indus.*, 949 F.2d at 48 ("[W]here a plaintiff is unable to allege any fact sufficient to support its claim, a complaint should be dismissed with prejudice.").

inadequately pleads a claim and cannot offer additional substantive information to cure his deficient pleading, granting leave to replead would be futile.[50]

## IV.  DISCUSSION

### A.  False Arrest

Blasini argues that his arrest warrant was invalid because it was signed by a clerk of court rather than a judge, and that the Indictment alone cannot legitimate the arrest.[51]  Defendants claim that because Blasini was arrested pursuant to an indictment, his claim for false arrest is encompassed by his claim for malicious prosecution, and that even if the warrant is invalid, the presumption of probable cause arising from the Indictment is sufficient to legitimate the arrest. Finally, defendants argue that even if the Indictment does not legitimate the arrest, the defendants are shielded by qualified immunity.[52]

Blasini also claims this Court may not consider the warrant because it was sealed following the dismissal of the Indictment under New York Criminal Procedure Law section 160.50.[53]  However, "where an individual commences a

---

[50]  *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

[51]  Pl. Mem. at 17-20.

[52]  Defendants' Memorandum of Law in Support of Their Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(c) ("Def. Mem.") at 7 (quoting *Broughton v. State*, 37 N.Y.2d 451, 457-58 (1975)).

[53]  Pl. Mem. at 17.

civil action and affirmatively places the information protected by C.[P.]L. 160.50 into issue, the privilege is effectively waived."[54]  In any event, I do not rely on the warrant in dismissing Blasini's claim and I express no opinion as to whether the warrant was facially invalid.  Even without the warrant, the pre-arrest Indictment provides sufficient probable cause to defeat any claim for false arrest.

It is well established that "[t]he existence of probable cause gives an officer the privilege to arrest and is a complete defense to an action for false arrest."[55]  It is also well established that "under New York law, indictment by a grand jury creates a presumption of probable cause" that may only be rebutted in limited contexts not present in Blasini's allegations.[56]  While courts have found that the presumption of probable cause arising from a post-arrest indictment "applies only in causes of action for malicious prosecution and is totally misplaced when applied in false arrest actions,"[57] this is largely because "*[a]fter the fact judicial participation cannot validate an unlawful arrest; only probable cause existing at the time of arrest will validate the arrest and relieve the defendant of*

---

[54]      *Kalogris v. Roberts*, 586 N.Y.S.2d 806, 806 (2d Dep't 1992) (citations omitted).

[55]      *Marshall v. Sullivan*, 105 F.3d 47, 50 (2d Cir. 1996) (quotation marks and citation omitted).

[56]      *Savino*, 331 F.3d at 72 (citing *Colon*, 60 N.Y.2d at 83).

[57]      *Broughton*, 37 N.Y.2d at 456; *accord Savino*, 331 F.3d at 75.

liability."[58]  Subsequent decisions have understandably applied this reasoning in the context of post-arrest indictments.[59]  Because Blasini was indicted *before* he was arrested, the presumption of probable cause arising from the Indictment "exist[ed] at the time of the arrest"[60] and provides a source of probable cause independent of any warrant.

Blasini does not allege that he was arrested in a location that officers could not have entered without a search or arrest warrant, nor does he sufficiently allege that the Indictment was procured through fraud or bad faith.  Defendants were therefore entitled to rely on the presumption of probable cause arising from the Indictment when arresting Blasini.  Defendants' motion to dismiss Blasini's federal and state claims for false arrest is granted.

## B.    Malicious Prosecution

Blasini fails to allege facts sufficient to support a reasonable inference that defendants procured his Indictment through fraud, perjury, the suppression of evidence, or other bad faith conduct.  The majority of Blasini's allegations amount

---

[58]    *Broughton*, 37 N.Y.2d at 458 (emphasis added).

[59]    *See, e.g.*, *Williams v. City of New York*, 835 N.Y.S.2d 717, 720 (2d Dep't 2007) (applying *Broughton* to hold that a *post-arrest* indictment did not defeat a claim for false arrest).

[60]    *Broughton*, 37 N.Y.2d at 458.

to "no more than conclusions, . . . not entitled to the assumption of truth."[61]   For

example, while Blasini alleges that the "Defendants' actions contributed to the

commencement . . . of the criminal proceeding without probable cause and with

malice,"[62] he fails to support that conclusory allegation with "factual content that

allows the court to draw the reasonable inference that the defendant is liable for the

misconduct alleged."[63]   When Blasini does allege particular facts, they too are

insufficient to support his legal conclusions.  For example, he alleges that

"*subsequent* to the plaintiff's arrest, defendants . . . did give false testimony in

connection with plaintiff's criminal prosecution."[64]   However, defendants' post-

arrest actions, if any,[65] have no bearing on establishing whether the pre-arrest

Indictment was secured by "'fraud, perjury, the suppression of evidence or other

police conduct undertaken in bad faith.'"[66]

---

[61]      *Ashcroft*, 129 S. Ct. at 1950.

[62]      Compl. ¶ 42.

[63]      *Ashcroft*, 129 S. Ct. at 1949.

[64]      Compl. ¶ 43 (emphasis added).

[65]      At the time of filing the Complaint Blasini must have presumed that
defendants testified in the Grand Jury *after* the arrest.  In fact, they testified in the
Grand Jury *before* the arrest.  Plaintiff has not cited to any testimony by the
defendants after his arrest.

[66]      *Savino*, 331 F.3d at 72 (quoting *Colon,* 60 N.Y.2d at 83)

Blasini argues that the presumption of probable cause arising from the

Indictment has been rebutted because the state court subsequently found that the

evidence presented to the grand jury was legally insufficient.[67]  He points to

language in *Colon v. City of New York* suggesting that the presumption of probable

cause arising from an indictment may at times be rebutted by a grand jury

subsequently returning a no bill.[68]  However, *Colon* explicitly found that the

presumption of probable cause is *not* rebutted when the dismissal of an indictment

amounts to "no more than an admission that the People lacked evidence to

establish a prima facie case of guilt."[69]  Under New York law "[l]egally sufficient

evidence . . . means simply a prima facie case."[70]  Thus, the dismissal of the

Indictment for lack of legally sufficient evidence meant only that "the People

lacked evidence to establish a prima facie case of guilt."[71]  The dismissal,

therefore, did not serve to rebut the presumption of probable cause arising from the

---

[67]    *See* Pl. Mem. at 25-26.

[68]    60 N.Y.2d at 84 (citing *Boose v. City of Rochester*, 421 N.Y.S.2d 740 (4th Dep't 1979)).

[69]    *Colon*, 60 N.Y.2d at 84.

[70]    *People v. Swamp*, 84 N.Y.2d 725, 730 (1995).

[71]    *Colon,* 60 N.Y.2d at 84.

-16-

Indictment.[72]

Defendants' reliance on *Cox v. County of Suffolk* is misplaced.[73]  In

that case, the defendant police officer "swore to and subscribed a felony

complaint" charging the plaintiff with a sex crime *after* obtaining exonerating

statements from both the victim and the plaintiff which established that the

"Plaintiff's participation in [the crime] was involuntary and coerced."[74]  Blasini

does not allege any comparable pre-indictment misconduct.

Because Blasini does not sufficiently allege that he was indicted as a

result of defendants' fraud, perjury, suppression of evidence, or bad faith conduct,

and because the ultimate dismissal of the Indictment meant only that the state

lacked evidence to establish a prima facie case of guilt, he fails to rebut the

presumption of probable cause arising from the Indictment.  Because the existence

of probable cause defeats a claim for malicious prosecution, defendants' motion to

dismiss Blasini's federal and state claims for malicious prosecution is granted.

---

[72]     *See Cornell v. Kapral*, No. 5:09-CV-0387, 2011 WL 94063, at *9
(N.D.N.Y. Jan. 11, 2011) ("[T]he presumption of probable cause created by an
indictment is not even vitiated, at least in New York State, by a dismissal of the
indictment based on a discovery that the people lack evidence to establish a prima
facie case of guilt.").

[73]     827 F. Supp. 935 (E.D.N.Y. 1993).

[74]     *Id.* at 937.

### C.      *Monell*

Because Blasini fails to allege a cognizable violation of any

constitutional right, his *Monell* claim must also be dismissed without prejudice.[75]

### D.      **Additional State Law Claims**

Because all the federal claims have been dismissed, I decline to

exercise supplemental jurisdiction over Blasini's additional state law claims.[76]

### E.      **Leave to Replead**

Because Blasini may be able to allege that his Indictment was

procured through fraud, perjury, the suppression of evidence, or other bad faith

police conduct, his claims are dismissed without prejudice and with leave to re-

plead.  Plaintiff is directed to file any Amended Complaint by January 17, 2012.

## V.      CONCLUSION

Because Blasini fails to state a facially plausible claim for false arrest

and malicious prosecution, defendants' motion to dismiss is granted without

prejudice.  The remaining state law claims are likewise dismissed without

---

[75]      *See City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986) (per curiam) ("[N]either *Monell v. New York City Dep't of Social Services* . . . nor any other of our cases authorizes the award of damages against a municipal corporation based on the actions of one of its officers when . . . the officer inflicted no constitutional harm.").

[76]      *See* 28 U.S.C. § 1367(c)(3).

prejudice. The Clerk of the Court is directed to close this motion [Docket # 8]. If

no Amended Complaint is filed by January 17, 2012, the Clerk of the Court is

directed to close this case.

SO ORDERED:

Shira A. Scheindlin
U.S.D.J.

Dated:      New York, New York
            December 13, 2011

### -Appearances-

**For Plaintiff:**

Eric E. Rothstein, Esq.
Rothstein Law PLLC
11 Park Place, Suite 1801
New York, New York 10007
(212) 385-8015

**For Defendants:**

Sumit Sud
Assistant Corporation Counsel
City of New York Department of Law
100 Church Street
New York, New York 10007
(212) 788-1096