**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------- X

RAFAEL BLASINI,

        Plaintiff,

  - against -

THE CITY OF NEW YORK,
DETECTIVE JEREMIAH
BREEN, UC 0006, UC 0003, and JOHN
DOE POLICE OFFICERS AND/OR
DETECTIVES #s 1-10,

        Defendants.

------------------------------------------------- X

**MEMORANDUM OPINION
AND ORDER**

**11 Civ. 3022 (SAS)**



**SHIRA A. SCHEINDLIN, U.S.D.J.:**

      Rafael Blasini has brought this lawsuit alleging false arrest and

malicious prosecution.  Blasini claims that two undercover officers for the New

York City Police Department gave malicious and perjurious testimony to a grand

jury and that Blasini was subsequently indicted on the basis of that testimony.[1]

Blasini was incarcerated for two months before he was able to post bail; the

charges against him were eventually dismissed for lack of sufficient evidence.[2]

---

[1]      *See* Amended Complaint ¶¶ 14-25.

[2]      *See id.* ¶¶ 30-32.

1

Defendants have moved to dismiss Blasini's claims for failure to state a claim. Blasini's ability to draft a proper pleading is hindered, however, because he does not have access to the grand jury minutes. He has therefore moved to unseal them. Although defendants do not oppose Blasini's motion, the New York County District Attorney has filed an opposition.

Under New York Criminal Procedure Law § 190.25(4), grand jury testimony is secret and may not be disclosed without a court order. In order to obtain such an order, a movant must show "a compelling and particularized need for access."[3] If such need exists, it must be balanced against the "venerable and important policy" of grand jury secrecy.[4] The reasons for grand jury secrecy include "(1) prevention of flight by a defendant who is about to be indicted; (2) protection of the grand jurors from interference from those under investigation; (3) prevention of subornation of perjury and tampering with prospective witnesses at the trial to be held as a result of any indictment the grand jury returns; (4) protection of an innocent accused from unfounded accusations if in fact no indictment is returned; and (5) assurance to prospective witnesses that their

---

[3]     *People v. Fetcho*, 91 N.Y.2d 765, 769 (1998) (quotation and citation omitted).

[4]     *Id.*

2

testimony will be kept secret so that they will be willing to testify freely."[5]

Although federal courts are not bound by state law protecting the secrecy of state grand jury proceedings, "a strong policy of comity between state and federal sovereignties impels federal courts to recognize state privileges where this can be accomplished at no substantial cost to substantive and procedural policy."[6] And "in evaluating applications to unseal state grand jury minutes, federal courts have required the same demonstrations of 'particularized need' required for the unsealing of federal grand jury minutes."[7]

The District Attorney argues that Blasini cannot show a compelling and particularized need for the minutes here:

> [I]f Blasini needs police testimony to prove his civil claims, he is free to seek it now. Blasini will have an opportunity under the Federal Rules of Civil Procedure to obtain sworn testimony from the police officers who were involved in his arrest, both in pretrial depositions and at trial. There is no reason to believe that deposition and trial testimony concerning the arrest would be inadequate. . . . [Furthermore,] the use of Grand Jury testimony to impeach or to refresh recollection has not ripened into a reality. Indeed, in the event the instant civil action was to be settled prior to trial, there would be no need at all for the Grand Jury materials

---

[5]    *People v. DiNapoli*, 27 N.Y.2d 229, 235 (1970).

[6]    *Lora v. Board of Ed. of City of New York*, 74 F.R.D. 565, 576 (E.D.N.Y. 1977).

[7]    *Myers v. Phillips*, No. 04 Civ. 4365, 2007 WL 2276388, at *2 (E.D.N.Y. Aug. 7, 2007).

in question.[8]

The District Attorney's motion fails to recognize that in this case, Blasini needs the grand jury minutes in order to craft a proper pleading and obtain discovery. Although portions of the minutes were summarized by the court in his state proceeding, that summary does not permit Blasini to point to the specific portions of the testimony that he believes constituted perjury. Blasini's request is particularized because he seeks the minutes relating to *his* indictment; he is not fishing for information from other grand jury matters. And his need is compelling because he alleges that what was said in the minutes constituted malicious perjury that led to his unlawful arrest and prosecution. Many years ago, facing a dispute similar to the one here (albeit involving federal grand jury minutes), Judge Charles Brieant analyzed the issue perfectly, and I need not add much to his discussion:

> Reasons supporting secrecy where a private citizen testifies to the grand jury and thereafter there is no indictment, or the civilian witness does not testify at trial of a resulting indictment, do not in logic apply to a Government agent. A Government agent is not likely to be inhibited by subsequent disclosure in the sense that a businessman, victim of extortion or racketeering who testifies to the grand jury might be. . . . [T]he public interest and the judicial interest in the just resolution of this lawsuit would seem to present a "particularized need" which would require [production of the minutes] . . . This is not a case where the ultimate facts testified to before the grand jury, although relevant to a lawsuit, can also be

---

[8]    Response to Plaintiff's Motion to Unseal the Grand Jury Minutes ¶¶ 11, 15.

4

obtained by a litigant from the same original sources, *i.e.*, witnesses having knowledge. That is the sort of situation present in most reported civil cases where disclosure of grand jury minutes has been denied. In such cases, essentially the grand jury testimony is being sought merely as a shortcut to get evidence otherwise obtainable from primary sources by pre-trial discovery or trial subpoena. In such cases, there is usually no "particularized need" . . . because the information sought may be obtained by other means which do not intrude upon the secrecy of the grand jury. In this case . . . the grand jury testimony is the res itself, the subject matter of this part of the lawsuit. What is relevant here is not the underlying facts testified to, but the content of the testimony itself. The grand jury testimony itself is what this case (in this aspect) is all about. It would be highly unreasonable to assume that a deposition of [the agent] taken at this remote time would elicit the entire substance of what [the agent] told the grand jury . . . and if he did possess such total recall, plaintiff would be unable to test the veracity of the deposition testimony.[9]

None of the first four reasons for secrecy articulated by the Court of Appeals in *DiNapoli* are relevant here. The fifth reason – the assurance to prospective witnesses that their testimony will be kept secret so that they will be willing to testify freely – is overcome by Blasini's needs for the reasons explained by Judge Brieant. Blasini also seeks to obtain the true names of the two undercover officers who testified. He has not, however, explained why he needs those names at this stage in the proceeding.

---

[9]     *Dale v. Bartels*, 532 F. Supp. 973, 976-77 (S.D.N.Y. 1982). *Accord Myers*, 2007 WL 2276388; *Hewitt v. City of New York*, No. 09 Civ. 214, 2009 WL 2957924 (E.D.N.Y. Sept. 11, 2009).

The Grand Jury minutes from *People v. Rafael Blasini*, Supreme

Court, New York County, Indictment No. 4848-2010, are ordered unsealed

pursuant to Criminal Procedure Law §190.25.  Blasini's request for the names of

the undercover officers is denied with leave to renew at a later date.  If the names

of the undercover officers appear in the minutes, defendants may redact and

replace them with their undercover numbers.  The City is ordered to provide

Blasini with a service address where the undercover officers can be served by

March 28, 2012 or accept service on their behalf.


SO ORDERED:

Shira A. Scheindlin
U.S.D.J.

Dated:      New York, New York
            March 22, 2011

6

- Appearances -

**For Plaintiff:**

Eric Edward Rothstein, Esq.
Rothstein Law PLLC
11 Park Place, Ste. 1801
New York, NY 10007
(212) 385-8015

**For Defendants:**

Sumit Sud
Assistant Corporation Counsel
New York City Law Department
100 Church Street
New York, NY 10007
(212) 788-1096

**For New York County District Attorney:**

Cynthia M. Sittnick
Assistant District Attorney
1 Hogan Place
New York, NY 10013
(212) 335-9000